**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| ELECTRONIC PRIVACY <br> INFORMATION CENTER <br> 1718 Connecticut Avenue, N.W. <br> Suite 200 <br> Washington, D.C. 20009, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES <br> DEPARTMENT OF JUSTICE <br> 950 Pennsylvania Avenue, N.W. <br> Washington, D.C. 20230 <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <br><br><br><br><br><br><br><br><br> Civil Action No. __17-410__ |

**COMPLAINT FOR INJUNCTIVE RELIEF**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a) (2017), for injunctive and other appropriate relief, seeking the release of agency records requested by Plaintiff Electronic Privacy Information Center ("EPIC") from Defendant United States Department of Justice ("DOJ"), and in particular from two DOJ subcomponents, the U.S. Attorney General and the Office of Legal Policy.

2. EPIC challenges the failure of the DOJ to disclose non-exempt records in response to EPIC's Freedom of Information Act request ("EPIC's FOIA Request") for agency records concerning the use of "evidence-based assessment tools" in sentencing.

1

**Jurisdiction and Venue**

3.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 552(a)(4)(B) and (a)(6)(c)(i). This Court has personal jurisdiction over Defendant DOJ.

4.  Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B).

**Parties**

5.  Plaintiff EPIC is a nonprofit organization incorporated in Washington, D.C. and established in 1994 to focus public attention on emerging privacy and civil liberties issues. Central to EPICs mission is oversight and analysis of government activities. EPIC's Advisory Board includes distinguished experts in law, technology, public policy, and cybersecurity. EPIC routinely disseminates information to the public through the EPIC website, the EPIC Alert, and various other news organizations. EPIC is a representative of the news media. *EPIC v. Dep't of Def.*, 241 F. Supp. 2d 5, 15 (D.D.C. 2003).

6.  Defendant DOJ is a federal agency within the meaning of the FOIA, 5 U.S.C. § 552(f)(1). Defendant DOJ is headquartered in Washington, D.C.

**Facts**

**Criminal Justice Algorithms**

7.  "Evidence-based assessment tools," or "risk assessments," are techniques that "try to predict recidivism—repeat offending or breaking the rules of probation or parole—using statistical probabilities based on factors such as age, employment history and prior criminal record."[1]

---

[1] Anna Maria Barry-Jester et al., *The New Science of Sentencing*, The Marshall Project (Aug. 4, 2015), https://www.themarshallproject.org/2015/08/04/the-new-science-of-sentencing.

2

8. Today, federal and state officials nationwide use evidence-based risk assessment tools to make decisions at all stages of criminal justice process.[2] These techniques are controversial: the reliability and fairness of "evidence-based" tools,[3] as well as the constitutional legitimacy, are rigorously contested.[4] Nonetheless, risk assessments are increasingly used to make sentencing and other significant decisions in the criminal justice system, and with many tools the product of private enterprise, risk assessment has become a competitive industry.[5] Transparency of these techniques is of the utmost importance and is necessary to secure fair outcomes, preserve the rights of individuals, and maintain accountability across the criminal justice system.

9. Commercial risk assessment tools are already in use in criminal cases across the country. The Correctional Offender Management Profiling for Alternative Sanctions (COMPAS) and the Level of Service Inventory Revised (LSI-R)[6] purport to assess individuals' risk levels and criminogenic needs based on a wide range of personal factors.[7] COMPAS, for example, considers factors such as social isolation, criminal associations, and criminal personality, while LSI-R uses factors including leisure, accommodations, and attitudes or orientation.[8] The federal Post-Conviction Risk Assessment (PCRA) likewise uses information such as criminal history,

---

[2] Nathan James, Cong. Research Serv., R44087, Risk and Needs Assessment in the Criminal Justice System 4-5 (2015).
[3] *See generally* Cathy O'Neil, *Weapons of Math Destruction* (2016).
[4] *State v. Loomis*, No. 2015AP157-CR (Wis. July 13, 2016).
[5] Melissa Hamilton, *Risk-Needs Assessment: Constitutional and Ethical Challenges*, 52 Am. Crim. L. Rev. 231, 233 (2015).
[6] Memorandum from the Vera Inst. of Justice to the De. Justice Reinvestment Task Force (Oct. 12, 2011), http://www.ma4jr.org/wp-content/uploads/2014/10/vera-institute-memo-on-risk-assessment-for-delaware-2011.pdf.
[7] *Id*. at app. A.
[8] *Id*. at app. A.

education and employment, and social networks to reach a "final conclusion regarding risk level and criminogenic needs."[9]

10. The DOJ, speaking through the National Institute of Corrections, has stated that the agency aims "to build a systemwide framework (arrest through final disposition and discharge)" of evidence based decision-making.[10]

11. Nonetheless, the DOJ itself has expressed reservations and concern about the use of criminal justice algorithms. The DOJ Criminal Division called assessments based on sociological and personal information rather than prior bad acts "dangerous" and constitutionally suspect,[11] citing the disparate impacts of risk assessments and the erosion of consistent sentencing.[12] Former U.S. Attorney General Eric Holder stated that "basing sentencing decisions on static factors and immutable characteristics . . . may exacerbate unwarranted and unjust disparities that are already far too common in our criminal justice system and in our society."[13]

12. For these reasons, there is a significant public interest in the release of the DOJ's records relating to "evidence-based" practices in sentencing, including policies, guidelines, source codes, and validation studies. The disclosure of this information is necessary for the public to assess the merits of criminal justice algorithms, including their fairness and reliability, and to allow individuals the opportunity to challenge institutional decisions rendered against them.

---

[9] Admin. Office of the U.S. Courts, Office of Prob, and Pretrial Servs., An Overview of the Federal Post Conviction Risk Assessment 9-10 (2011), http://www.uscourts.gov/sites/default/files/pcra_sep_2011_0.pdf.

[10] *National Institute of Corrections: Evidence-Based Decision Making*, http://info.nicic.gov/ebdm/ (last visited Mar. 2, 2017).

[11] Letter from Jonathan J. Wroblewski, Dir., Office of Policy and Legislation., to the Honorable Patti Saris, Chair. Comm'n (July 29, 2014), https://www.justice.gov/sites/default/files/criminal/legacy/2014/08/01/2014annual-letter-final-072814.pdf.

[12] *Id*.

[13] Eric Holder, *Speech Presented at the National Association of Criminal Defense Lawyers 57th Annual Meeting and 13th State Criminal Justice Network Conference, Philadelphia, PA*, 27 Fed. Sent'g Rep. 252 (2015).

**EPIC's FOIA Request**

13. On June 15, 2016, EPIC submitted FOIA Requests to several DOJ subcomponents, including the Office of the U.S. Attorney General and the Office of Legal Policy.

14. EPIC's FOIA Request sought records related to evidence-based practices in sentencing, including policies, guidelines, source codes, and validation studies. Specifically, EPIC sought:

1. All validation studies for risk assessment tools considered for use in sentencing, including but not limited to, COMPAS, LSI-R, and PCRA.
2. All documents pertaining to inquiries for the need of validation studies or general follow up regarding the predictive success of risk assessment tools.
3. All documents, including but not limited to, policies, guidelines, and memos pertaining to the use of evidence-based sentencing.
4. Purchase/sales contracts between risk-assessment tool companies, included but not limited to, LSI-R and the federal government.
5. Source codes for risk assessment tools used by the federal government in pre-trial, parole, and sentencing, from PCRA, COMPAS, LSI-R, and any other tools used.

15. EPIC sought "news media" fee status under 5 U.S.C. § 552(4)(A)(ii)(II) and a waiver of all duplication fees under 5 U.S.C. § 552(a)(4)(A)(iii).

16. In a letter dated August 9, 2016, Senior Government Information Specialist Sara B. Tennant acknowledged receipt of EPIC's FOIA request on behalf of the DOJ's Office of the Attorney General and the Office of Legal Policy. The letter also claimed that the request fell within "unusual circumstances" and that the agency would extend its time limit to respond beyond the ten additional days provided by statute. 5 U.S.C. 552 § (a)(6)(B)(i)-(iii).

**EPIC's Constructive Exhaustion of Administrative Remedies**

17. Today is the 265th day since the DOJ received EPIC's FOIA Request.

18. The DOJ has failed to make a determination regarding EPIC's FOIA Request within the time period required by 5 U.S.C. § 552(a)(6)(B).

19. The DOJ's failure to make a determination within the statutory time limit violates the FOIA.

20.     EPIC has constructively exhausted all administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

## Count I

### Violation of FOIA: Failure to Comply with Statutory Deadlines

21.     Plaintiff asserts and incorporates by reference paragraphs 1–20.

22.     Defendant FBI has failed to make a determination regarding EPIC's request for 265 days and has thus violated the deadline under 5 U.S.C. § 552(a)(6)(B).

23.     Plaintiff has constructively exhausted all applicable administrative remedies with respect to EPIC's FOIA Request under 5 U.S.C. § 552(a)(6)(C)(i).

## Count II

### Violation of FOIA: Unlawful Withholding of Agency Records

24.     Plaintiff asserts and incorporates by reference paragraphs 1–20.

25.     Defendant has wrongfully withheld agency records requested by Plaintiff.

26.     Plaintiff has constructively exhausted applicable administrative remedies with respect to Defendant's withholding of the requested records. 5 U.S.C. § 552(a)(6)(C)(i).

27.     Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested records.

## Requested Relief

WHEREFORE, Plaintiff requests that this Court:

   A. Order Defendant to immediately conduct a reasonable search for all responsive records;

   B. Order Defendant to disclose to Plaintiff all responsive, non-exempt records;

   C. Order Defendant to produce the records sought without the assessment of search fees;

   D. Order Defendant to grant EPIC's request for a fee waiver;

E.  Award EPIC costs and reasonable attorney's fees incurred in this action; and

F.  Grant such other relief as the Court may deem just and proper.

                                                    Respectfully Submitted,

                                                    /s/ Alan Butler_____

                                                    Alan Butler, D.C. Bar # 1012128
                                                    EPIC Senior Counsel

                                                    Marc Rotenberg, D.C. Bar # 422825
                                                    EPIC President and Executive Director

                                                    ELECTRONIC PRIVACY
                                                    INFORMATION CENTER
                                                    1718 Connecticut Avenue, N.W.
                                                    Suite 200
                                                    Washington, D.C. 20009
                                                    (202) 483-1140 (telephone)
                                                    (202) 483-1248 (facsimile)

Dated: March 7, 2017