UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELECTRONIC PRIVACY INFORMATION
CENTER,
          *Plaintiff*,

v.

U.S. DEPARTMENT OF JUSTICE,
          *Defendant*.

Civil Action No. 17-410

**JOINT STATUS REPORT AND MOTION TO ADOPT A SCHEDULE FOR FURTHER PROCEEDINGS**

Plaintiff Electronic Privacy Information Center ("EPIC") and Defendant Department of Justice ("DOJ") hereby submit the following Joint Status Report and Motion to Adopt a Schedule for Further Proceedings.

On June 15, 2016, EPIC filed a Freedom of Information Act ("FOIA") request with several DOJ subcomponents, including the Office of the Attorney General and the Office of Legal Policy. Complaint, Dkt. No. 1, ¶ 14. EPIC requested five categories of records. Specifically, EPIC sought:

1. All validation studies for risk assessment tools considered for use in sentencing, including but not limited to, COMPAS, LSI-R, and PCRA.
2. All documents pertaining to inquiries for the need of validation studies or general follow up regarding the predictive success of risk assessment tools.
3. All documents, including but not limited to, policies, guidelines, and memos pertaining to the use of evidence-based sentencing.
4. Purchase/sales contracts between risk-assessment tool companies, included but not limited to, LSI-R and the federal government.
5. Source codes for risk assessment tools used by the federal government in pre-trial, parole, and sentencing, from PCRA, COMPAS, LSI-R, and any other tools used.

*Id.* On March 7, 2017, EPIC filed this lawsuit seeking release of these records.

On August 16, 2017, the DOJ sent an interim response letter to EPIC stating that "searches ha[d] been conducted in the Offices of the Attorney General and Legal Policy pertaining to Parts (4) and (5) of [EPIC's] request," but that "[n]o records were located as a result of these searches." On October 31, 2017, the DOJ provided its final response letter, releasing 359 pages that were responsive to the remaining categories of EPIC's request. Accompanying those documents, the DOJ further stated that it was withholding an additional 2,367 pages responsive to EPIC's request pursuant to Exemptions 5 and 6 of the FOIA, 5 U.S.C. § 552 (b)(5) and (b)(6).

EPIC reviewed the agency's responses and conferred with DOJ Counsel as to the absence of two particular records from the DOJ's release of documents:

> **(1)** A study/policy statement by the U.S. Sentencing Commission concerning "risk assessment tools and their various uses in the sentencing and corrections/reentry processes." This study was requested by the DOJ in a July 29, 2014 report to the USSC, and discussed by Attorney General Holder in his Aug. 1, 2014 speech to the National Association of Criminal Defense Lawyers.
>
> **(2)** A DOJ report concerning predictive policing, which was "tasked to the Department via memorandum dated July 28, 2014" and submitted to the White House on Nov. 19, 2014. The drafting process of this report is reflected in internal DOJ emails disclosed in the OAG/OLP production (pp. 252-361).

As to the first record—the U.S. Sentencing Commission study—the DOJ stated that it "did not locate this referenced report in our records searches" and that the agency had conferred "with knowledgeable Department personnel who advised that, to their knowledge, the Sentencing Commission did not issue a report on risk assessment tools and federal sentencing." As to the second record—the DOJ report concerning predictive policing—the DOJ has stated that the report "was withheld pursuant to Exemption 5."

EPIC has informed the DOJ that it intends to challenge the DOJ's assertion of Exemption 5 and the agency's determination that there is no additional reasonably segregable, non-exempt information that can be released from within the records withheld from disclosure. EPIC is not

challenging the adequacy of DOJ's search. Accordingly, the Parties request that the Court enter the following briefing schedule, as provided in the accompanying Proposed Order:

| | |
|---|---|
| Defendant's Motion for Summary Judgment: | February 14, 2017 |
| Plaintiff's Opposition and Cross-Motion for Summary Judgment | March 16, 2017 |
| Defendant's Reply in Support of Motion for Summary Judgment and Opposition | April 5, 2017 |
| Plaintiff's Reply in Support of Cross-Motion for Summary Judgment | April 16, 2017 |

Dated: December 14, 2017                                         Respectfully Submitted,

MARC ROTENBERG,                                                  JESSIE K. LIU,
D.C. Bar # 422825                                                D.C Bar #472845
EPIC President and Executive Director                            United States Attorney

/s/ Alan Butler                                                  DANIEL F. VAN HORN,
ALAN BUTLER,                                                     D.C. Bar #924092
D.C. Bar # 1012128                                               Chief, Civil Division
Senior Counsel
ELECTRONIC PRIVACY                                               /s/
INFORMATION CENTER                                               ALEXANDER D. SHOAIBI,
1718 Connecticut Avenue, N.W.                                    D.C. Bar #423587
Suite 200                                                        Assistant United States Attorney
Washington, D.C. 20009                                           555 Fourth Street, N.W.
(202) 483-1140 (telephone)                                       Washington, D.C. 20530
(202) 483-1248 (facsimile)                                       (202) 252-2511
                                                                 Alexander.D.Shoaibi@usdoj.gov

*Counsel for Plaintiff*                                          *Counsel for Defendant*