# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER,<br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>*Defendant*. | Civil Action No. 17-410 (TNM) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR A <u>THIRD</u> EXTENSION OF TIME TO FILE REPLY AND OPPOSITION**

Plaintiff Electronic Privacy Information Center ("EPIC") respectfully opposes the motion by Defendant Department of Justice ("DOJ") for a third extension of time to file its reply in support of its motion for summary judgment and its opposition to EPIC's cross-motion for summary judgment. In opposition, EPIC states as follows:

1. The Court has already granted Defendant two extensions of time to file its routine reply and opposition, the original deadline for which—April 5, 2018—was set by the Court more than four months ago. *See* Minute Order (Dec. 15, 2017).

2. The Court, in granting Defendant's second motion for an extension of time, specifically warned that "further requests for an extension of time for this filing will be disfavored." Minute Order (Apr 13, 2018).

3. As this Court's standing order states, "Motions for extensions of time and to re-schedule hearings are strongly discouraged; they will be granted only in <u>truly exceptional or compelling circumstances</u> and parties should not expect the Court to grant extensions." *Standing Order for Cases Before Judge Trevor N. McFadden* at ¶ 9.

4. Defendant has failed to establish "good cause" to prevail in any motion for an extension, Fed. R. Civ. P. 6(b)(1)(A), let alone the "truly exceptional or compelling circumstances" that might warrant a <u>third</u> extension for the same filing. *Standing Order for Cases Before Judge Trevor N. McFadden* at ¶ 9.

5. Counsel for the DOJ, in support of its motion, identifies only (1) routine time management issues internal to Defendant, and (2) counsel's vacation. These purported grounds for an extension are neither good, nor compelling, nor exceptional.

6. Moreover, this case concerns records regarding predictive policing that are of immediate public interest. The disclosure of these records, pursuant to the Freedom of Information Act, 5 U.S.C. § 552, is of considerable urgency.

7. Defendant's failure to show good cause is compounded by its motion for an extension less than *eight hours* before the filing deadline. This request is contrary to the practice of this Court and other Courts in the D.C. Circuit. *See Standing Order for Cases Before Judge Trevor N. McFadden* at ¶ 9(A) ("Motions for extensions of time or to re-schedule a hearing must be filed at least four business days prior to the first affected deadline or scheduled hearing."); *see also General Order for Civil Cases Before The Honorable Judge Reggie B. Walton* 8 ("Motions for extension of time are strongly discouraged. The parties should not expect the Court to grant extensions. The Court grants such motions only upon a showing of good cause, focusing on the diligence of the party seeking the extension and any prejudice to the moving party that may result if the Court denies the extension, as well as any prejudice to the non-moving party if the Court grants the extension.");[1] *General Order for Civil Cases Before The Honorable Judge Ketanji Brown Jackson* 5 (noting that "Motions for extension of time are discouraged, and

---

[1] http://www.dcd.uscourts.gov/sites/dcd/files/FINALGeneralOrderGuidelinesCivilCases.pdf.

counsel should not expect the Court to grant extensions. <u>The Court will not entertain or honor stipulations for extension of time</u>**.** Instead, counsel seeking an extension of a deadline shall file a written motion <u>at least (2) business days prior to the expiration of the deadline</u> . . . .") (emphasis in original).[2]

8. An extension in this matter is also contrary to the local, voluntary standard for scheduling because EPIC's "interests will . . . be adversely affected" by such a delay. *D.C. Bar Voluntary Standards of Civility: Scheduling Matters* (1997), reprinted in *Rules of the United States District Court for the District of Columbia 133* (April 2017). As the Voluntary Standards of Civility also explain "[J]ustice is undermined when cases are delayed." *Id.* at 134.

9. Moreover, the extension sought by Defendant would further exacerbate numerous scheduling conflicts for Plaintiff's counsel, which have long-settled briefing deadlines on April 26, 2018; May 4, 2018; May 27, 2018; and May 31, 2018 (two briefs).

Dated: April 19, 2018　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ *Marc Rotenberg*
　　　　　　　　　　　　　　　　　　　　MARC ROTENBERG, D.C. Bar # 422825
　　　　　　　　　　　　　　　　　　　　EPIC President and Executive Director

　　　　　　　　　　　　　　　　　　　　ALAN JAY BUTLER, D.C. Bar # 1012128
　　　　　　　　　　　　　　　　　　　　Senior Counsel

　　　　　　　　　　　　　　　　　　　　ELECTRONIC PRIVACY
　　　　　　　　　　　　　　　　　　　　INFORMATION CENTER
　　　　　　　　　　　　　　　　　　　　1718 Connecticut Ave., NW
　　　　　　　　　　　　　　　　　　　　Suite 200
　　　　　　　　　　　　　　　　　　　　Washington, DC 20009
　　　　　　　　　　　　　　　　　　　　(202) 483-1140

　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*

---

[2] http://www.dcd.uscourts.gov/sites/dcd/files/GeneralOrdersGuidelinesCivilCasesJKJackson.pdf.